**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PATRICK TURNER, | : |
|             Plaintiff, | :  **No.** |
| | : |
|     v. | : |
| | :  **JURY TRIAL DEMANDED** |
| AETNA LIFE INSURANCE COMPANY and UPS FLEXIBLE  BENEFITS PLAN, | : |
| | : |
|             Defendants. | : |
| | : |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1441(a), 1367 and 1446, Defendant Aetna Life Insurance Company  ("Aetna"), by and through its undersigned counsel, hereby removes this action from the Pennsylvania Court of Common Pleas, Lancaster County Civil Division, to the United States District Court for the Eastern District of Pennsylvania. In support of this Notice of Removal, Defendant Aetna states as follows:

1.      On or about November 16, 2015, Plaintiff Patrick Turner ("Plaintiff") filed a Complaint against Defendant Aetna and Defendant UPS Flexible Benefits Plan ("UPS") (collectively "Defendants") in the Pennsylvania Court of Common Pleas, Lancaster County Civil Division, where it is presently captioned as *Patrick Turner v. Aetna Life Insurance Company and UPS Flexible Benefits Plan*, Case No. 15-09872.

2.      No further pleadings have been filed in the state court action.

3.      Pursuant to 28 U.S.C. § 1446(a), a true copy of all processes, pleadings and orders, including the Complaint, filed in the state court action and served upon Defendant Aetna, is attached hereto as Exhibit A.

4.      To date, Defendant UPS has not been served with the Complaint.

5.   Defendant Aetna was served with the Complaint on November 23, 2015.

6.   This Notice of Removal is filed within thirty (30) days of service of the Complaint upon Defendant Aetna and is therefore timely filed.

7.   Defendant Aetna bases removal on federal question jurisdiction pursuant 28 U.S.C. §§ 1331, 1441(a), and 1446.

8.   Removal of this action is proper under 28 U.S.C. § 1441(a). The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 as it is a civil action in which Plaintiff asserts a claim under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq*. ("ERISA"). *See* Complaint, ¶ 3.

9.   Plaintiff seeks to recover payments under the civil enforcement provision of ERISA, 29 U.S.C. §1132(e)(1), which gives this Court jurisdiction without respect to the amount in controversy or the citizenship of the parties.

10.   To the extent any of Plaintiff's claims in the Complaint are not preempted by ERISA, those claims are removable as part of the entire case pursuant to 28 U.S.C. § 1441(c) and § 1367(a). The Court may exercise supplemental jurisdiction over any such claims because they are so related to Plaintiff's federal claim that they form a part of the same case or controversy.

11.   By filing of this motion, Defendant Aetna hereby consents to the removal of this action pursuant to 28 U.S.C. 1446(b)(2)(A).

12.   The Pennsylvania Court of Common Pleas, Lancaster County Civil Division, is located within the Eastern District of Pennsylvania. Therefore, the venue is proper because the action is being removed to the "district court of the United States for the district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

13.     Pursuant to 28 U.S.C. § 1446(d), written notice of this Notice of Removal of this action shall be timely filed with the Pennsylvania Court of Common Pleas, Lancaster County Civil Division.

14.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal of this action is being caused to be served upon Plaintiff's counsel.

15.     Defendant UPS has consented to removal and has authorized the undersigned to remove this action to federal court. A true copy of said written consent is attached hereto as Exhibit B.

**WHEREFORE**, Defendant Aetna hereby gives notice that this action is removed from the Pennsylvania Court of Common Pleas, Lancaster County Civil Division, to the United States District Court for the Eastern District of Pennsylvania.

Dated:  December 18, 2015

Respectfully Submitted,

Valerie M. Eifert, Esq.
Pa. ID #309849
**REED SMITH LLP**
3 Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103

*Attorney for Defendant*
*Aetna Life Insurance Company*

- 3 -

## CERTIFICATE OF SERVICE

I, Valerie M. Eifert, Esquire, do hereby certify that on this 18th day of December 2015, a true and correct copy of the foregoing Notice of Removal was served by U.S. First Class Mail, postage prepaid, upon the following counsel:

> Kirk L. Wolgemuth, Esquire
> Wolgemuth & Levinson
> P.O. Box 10305
> Lancaster, PA 17605
> *Attorney for Plaintiff*

Valerie M. Eifert, Esq.

# EXHIBIT A

IN THE COURT OF COMMON PLEAS
LANCASTER COUNTY, PENNSYLVANIA

PATRICK TURNER,                              :
                                             :
            Plaintiff,                       :
                                             :
      v.                                     :        Civil Action No.:
                                             :
AETNA LIFE INSURANCE                         :        15-09872
COMPANY and UPS FLEXIBLE                     :
BENEFITS PLAN                                :
                                             :
            Defendans.                       :

**NOTICE TO DEFEND**

      You have been sued in court.  If you wish to defend against the claims set forth in the
following pages, you must take action within twenty (20) days after this Complaint and Notice
are served by entering a written appearance, personally or by attorney, and filing in writing with
the Court your defenses or objections to the claims set forth against you.  You are warned that if
you fail to do so, the case may proceed without you and a judgment may be entered against you
by the Court without further notice for any money claimed in the Complaint or for any other
claim or relief requested by the Plaintiff.  You may lose money or property or other rights
important to you.

      YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO
NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE
OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

LAWYER REFERRAL SERVICE
LANCASTER BAR ASSOCIATION
28 EAST ORANGE STREET
LANCASTER, PA 17602
717 / 393 0737

Check No. 005354
Receipt No. 34725

11/16/15
(1) to Attorney
$164.25 ALG

IN THE COURT OF COMMON PLEAS
LANCASTER COUNTY, PENNSYLVANIA

PATRICK TURNER,                         :
                                        :
          Plaintiff,                    :
                                        :
          v.                            :      Civil Action No.:
                                        :
AETNA LIFE INSURANCE                    :          15-09872
COMPANY and UPS FLEXIBLE               :
BENEFITS PLAN                           :
                                        :
          Defendans.                    :


## COMPLAINT

The Plaintiff, Patrick Turner, by and through his counsel, Kirk L. Wolgemuth, Esquire

and Wolgemuth & Levinson, files the following Complaint against the Aetna Life Insurance

Company and the UPS Flexible Benefits Plan :

1.  The Plaintiff is Patrick Turner who resides at 1830 Spring Ridge Road, Lancaster,
    Pennsylvania 17603.

2.  The Defendants are the Aetna Life Insurance Company which regularly conducts
    business in Lancaster County and has a business address of 151 Farmington
    Avenue, Hartford, Connecticut, 06156  and the UPS Flexible Benefits Plan
    located at 55 Glenlake Parkway, NE, Atlanta, Georgia, 30328-3498.

2

15-09872

## JURISDICTION

3.     This is a claim for short term disability benefits under the Employee Retirement Income Security Act, 29 U.S.C. §1001 et. seq.

4.     This court has jurisdiction over this claim under 29 U.S.C. §1122(a)(1)(B) and 29 U.S.C. §1122(e).

## FACTS

5.     The Plaintiff was employed by UPS as a revenue recovery supervisor.

6.     This position requires the Plaintiff to lift heavy objects and climb on ladders.

7.     As an employee benefit, UPS sponsored a short term disability plan (STD plan) which is an employee benefit plan as defined by 29 U.S.C. §1092(3).

8.     The STD plan hired the Aetna Life Insurance Company to administer the STD plan and pay benefits for the STD plan.

9.     A copy of the plan is not attached because of there length.

## THE STD PLAN

10.     Under the STD plan, disability is defined as follows:  You are disabled if "you are unable to perform the material and substantial duties of your regular occupation because of an illness or injury."

11.     The STD plan does not retain discretion to interpret the terms of the policy or to determine benefit eligibility.

## PLAINTIFF'S CLAIM

12.     The Plaintiff was employed by UPS as a revenue recovery supervisor.

13.     The Plaintiff suffers from multiple sclerosis (MS).

3

15-09872

14.     MS involves an immune mediated process in which an abnormal response of the body's immune system is directed against the central nervous system, which is made up of the brain, spinal cord and optic nerves.

15.     With MS the immune system attacks myelin- the fatty substance that surrounds and insulates the nerve fibers- as well as the nerve fibers themselves.

16.     The damaged myelin forms scar tissue (sclerosis), which gives the disease its name.

17.     When any part of the myelin sheath or nerve fiber is damaged or destroyed, nerve impulses traveling to and from the brain and spinal cord are distorted or interrupted, producing a wide variety of symptoms.

18.     Symptoms of MS include fatigue, gait difficulties, numbness and tingling, spasticity (stiffness and involuntary muscle spasms especially in the legs), vision problems, dizziness and vertigo, urinary and fecal incontinence, pain, cognitive changes and depression.

19.     As a result his MS, the Plaintiff was unable to perform his job duties as of July 20, 2015.

20.     Dr. Hines, one of Plaintiff's treating physicians, has consistently identified restrictions of no work because Plaintiff is suffering from weakness, fatigue and cognitive issues stemming from Plaintiff's MS.

21.     On September 8, 2015, Dr. Hines noted "the patient did give history that by the end of the day, he had increasing difficulties with fatigue and numbness and leg dragging on the right side, which gave him safety concerns for his part-time job at UPS, performed in the evenings, involving climbing on ladders, and other

15-09872

physical activities. He continued doing that part-time job, but was concerned regarding his ability to continue doing this safely, without injuring himself or perhaps others, and therefore in spite of no worsening during this period of time, I felt by patient history, it would not be in his best interest to continue that evening activity."

22. On July 30, 2015, Aetna hired Dr. Vaughn Cohan, a physician used frequently by disability carriers, to review the medical records and job restrictions.

23. Although Dr. Cohan confirmed the diagnosis of MS, he opined that "although the claimant left work 7/20/15 complaining of fatigue and weakness, particularly of his right upper and right lower extremities, after a long day working two jobs, nevertheless, medical records do not reflect a significant change in his neurologic status as compared with his previous neurologic baseline."

24. Dr. Cohan stated "in summary, that the documentation does not support a functional impairment that would preclude performance of medium physical demand activities, including work, from 7/20/15 through 1/17/16."

25. Dr. Cohan did not address whether the Plaintiff could perform his job duties safely without injuring himself or others.

26. Although Aetna previously found that the objective findings support ongoing disability and that the Plaintiff was disabled per the plan definition of disability, based upon the peer review of the medical records, Aetna denied the Plaintiff's claim for short term disability benefits on August 10, 2015.

27. In the decision, Aetna found that "based on the information listed above, there is a lack of significant medical evidence supporting any functional impairment that

5

15-09872

would preclude you from working your regular occupation as a revenue recovery supervisor, which is classified as having a medium physical demand level."

28.   But Aetna noted "a report from Dr. Hines dated June 10, 2015, indicates that you reported increasing fatigue, weakness, and numbness, particularly of the right upper and right lower extremities, after prolonged physical activities. These symptoms evidently were interfering with your inability to perform your medium physical demand occupational responsibilities including ladder climbing, lifting weights up to 50 pounds; and frequently walking, standing, and bending."

29.   Aetna informed the Plaintiff to provide on appeal "physical exam findings, laboratory tests or studies which document a functional impairment precluding you from performing the material and substantial duties of your regular occupation."

30.   The Plaintiff has MS.

31.   The Plaintiff did report physical exam findings of weakness, numbness and loss of strength in his upper and lower right extremities.

32.   In addition, Plaintiff does not know what laboratory tests or studies he could provide that would establish fatigue and weakness, symptoms that are subjective in nature, and clearly associated with MS.

33.   Requiring objective proof of fatigue and weakness and ignoring the Plaintiff's subjective complaints is prohibited by ERISA.

34.   Plaintiff appealed the denial of benefits in a timely manner.

35.   Without obtaining an additional medical review, which is a violation of ERISA's regulations, Aetna denied the appeal on October 20, 2015.

6

'5-09872

36.    In the decision Aetna claimed that "the records did not identify abnormal cognitive and/or neurological examination deficits that supported your client's inability to perform activities of daily living and/or particular job function task. Although there was a description of right sided weakness and spasticity, these symptoms had apparently improved by June 10, 2015 and your client's MS was noted as stable."

37.    There is no evidence in the claim file to support Aetna's determination that Plaintiff's symptoms improved by June 10, 2015.

38.    In fact, Dr. Hines reported on September 9, 2015, that Plaintiff has to be off work for an extended period until fatigue and weakness continue to improve if it does.

39.    Aetna relied upon the medical opinion of Dr. Cohan in rejecting the appeal, a practice specifically prohibited by ERISA.

40.    The use of the same medical opinion for a claim decision and again on appeal is a practice specifically prohibited by ERISA.  29 CFR 2560.503-1(h)(4), (h)(3)(v).

41.    Aetna's self-serving selection of the medical evidence reflects bias, unfairness and is evidence that its decision was arbitrary and capricious.

## COUNT I
### Claim for Disability Benefits under 29 U.S.C. §1132(a)(1)(B)

42.    Plaintiff incorporates paragraphs 1 through 41 as if set forth in full.

43.    The Plaintiff has exhausted his administrative remedies with respect to his claim for short term disability benefits.

44.    Aetna's August 10, 2015 and October 20, 2015 decisions are arbitrary and capricious and in violation of Plaintiff's rights to receive benefits under ERISA.

7

15-09872

45.    The Plaintiff is entitled to disability benefits and an Order requiring Aetna to
continue to pay benefits pursuant to the terms of the STD plan, interest, costs and
attorneys' fees under ERISA.

WHEREFORE, Plaintiff requests that judgment be entered against the Defendant and that
an Order be issued awarding Plaintiff the STD benefits that he is entitled to, along with costs,
interest, and attorneys' fees.

Respectfully submitted

Wolgemuth & Levinson. Law Offices

Dated:  November 16, 2015              By:    _L L Wolgemuth_
                                              Kirk L. Wolgemuth, Esquire
                                              Attorney ID #: 45792
                                              Attorneys for Plaintiff
                                              PO Box 10305
                                              Lancaster, PA 17605
                                              717 392-0389
                                              kwolgemuth@palawyers1.com

8

15-09872

VERIFICATION

I, Patrick Turner, verify that the facts set forth in this Complaint are true and correct. I

understand that false statements herein are made subject to the penalties of 18 Pa. C.

S. A. Section 4904 relating to unsworn falsification to authorities.

Date: November 15, 2015                    *Patrick J. Turner*
                                            Patrick Turner

9

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
**PROTHONOTARY**
**CIVIL COVER SHEET**

15-09872

PLEASE LIST NAMES AND ADDRESSES OF ADDITIONAL PARTIES ON A SEPARATE SHEET.

ALL PARTY INFORMATION IS REQUIRED INCLUDING ZIP CODES.  ALL PARTY INFORMATION MUST MATCH THE PLEADING.  PLEASE
DO NOT STAPLE THE COVER SHEET TO THE PLEADING.  IF AN EVENT NEEDS TO BE SCHEDULED, A CAO SCHEDULING COVER
SHEET MUST ALSO BE ATTACHED.

TYPE OF ACTION: _ERISA_

For Prothonotary Use Only:
DOCKET No.(CI):

**PARTY INFORMATION**

PLAINTIFF'S NAME: PATRICK TURNER

ADDRESS: 1830 Spring Ridge Road
*If confidential,
use 2nd sheet*   Lancaster Pa 17603

MUNICIPALITY:
TWP/BOROUGH: Lancaster Township

DOB: *(mm/dd/yyyy)*   TELEPHONE #: *(##########)*

DEFENDANT'S NAME: Aetna Life Ins Co. UPS Plan

ADDRESS: 151 Farmington Ave
Hartford Connecticut 06156

MUNICIPALITY:
TWP/BOROUGH: Hartford

DOB: *(mm/dd/yyyy)*   TELEPHONE #: *(##########)*

**FILING ATTORNEY / FILING PARTY INFORMATION**

FIRM/OFFICE: Wolgemuth & Levinson
FILING ATTORNEY/PARTY: Kirk L Wolgemuth      AOPC: *(Attorney ID)* #: 45792
ADDRESS: PO Box 10305   CITY: Lancaster   STATE: Pa   ZIP CODE: 17605
TELEPHONE #: 392 0389   EMAIL: Rwolgemuth@palawyerslt.com

**TAX LIEN INFORMATION**

MUNICIPALITY:

DEED BOOK:      DEED PAGE:      DEED DATE:

SALE PRICE:      TAX YEAR:      TAX LIEN AMOUNT:

PROPERTY DESCRIPTION:

**PFA/SVPO/PFI INFORMATION**

HEARING DATE:      SOCIAL SECURITY #: (Defendant – Last 4 digits)

POLICE DEPARTMENT:

PREVIOUS PETITIONS:   YES ☐   NO ☐   If 'YES', File Date:

Page 1

# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet

_Lancaster_ ........................ County

| For Prothonotary Use Only: | |
| --- | --- |
| Docket No: **15-09872** | |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Petition
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

| Lead Plaintiff's Name: PATRICK Turner | Lead Defendant's Name: Aetna life In Co |
| --- | --- |

Are money damages requested? ☒ Yes   ☐ No

Dollar Amount Requested: (check one)   ☐ within arbitration limits   ☒ outside arbitration limits

Is this a *Class Action Suit*?   ☐ Yes   ☒ No

Is this an *MDJ Appeal*?   ☐ Yes   ☒ No

Name of Plaintiff/Appellant's Attorney: _Rik L Wolgemuth_

☐ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your *PRIMARY CASE.* If you are making more than one type of claim, check the one that you consider most important.

**SECTION B**

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☐ Other: _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional:

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other

- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other

- ☒ Other: _ERISA_

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other

- ☐ Zoning Board
- ☐ Other: _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other: _____

*Updated 1/1/2011*

# EXHIBIT B

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICK TURNER, | : |
| Plaintiff, | :    No. |
| | : |
| v. | : |
| | :    **JURY TRIAL DEMANDED** |
| AETNA LIFE INSURANCE COMPANY | : |
| and UPS FLEXIBLE BENEFITS PLAN, | : |
| | : |
| Defendants. | : |
| | : |

## CONSENT TO REMOVAL

Defendant United Parcel Services Flexible Benefits Plan consents to, and joins in, the removal of this action from the Court of Common Pleas of Lancaster County to the United States District Court for the Eastern District of Pennsylvania.

*Bryan Brum*
Bryan Brum
Attorney - Employee Benefits
United Parcel Service
Legal Dept.
55 Glenlake Parkway
Atlanta, Georgia 30328
*On behalf of Defendant UPS Flexible Benefits Plan*

Dated: December 18, 2015